# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| STEVEN J. KELLY,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:10CV170 DAK |

  This matter is before the court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255.  The government responded on July 14, 2010.  On February 24, 2011, Petitioner filed a Motion to add additional claims to his § 2255 petition, claiming that he had just learned that his right to a speedy trial was violated.   Having considered the Petitioner's memorandum in support, the government's response memorandum, and Petitioner's motion to amend, the court concludes that no evidentiary hearing is warranted in this case.

  Moreover, for all the reasons set forth in the United States' response memorandum, the court finds that the petition has no merit.  Petitioner has failed to satisfy his burden under *Strickland v. Washington*, 466 U.S. 688 (1984) to establish a claim for ineffective assistance of counsel.  He has failed to identify any specific instance in which the representation was substandard. In addition, the calculations in the presentence report were made in complete conformity with the guidelines at the time and the subsequent guideline modification would have

had no impact on the recommended sentence.

As for Petitioner's motion to amend, the court finds that these proposed additional claims are time-barred and that they have no merit in any event. A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

A judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States,* 537 U.S. 522, 527 (2003). Here, the Supreme Court denied Petitioner's certiorari petition on February 23, 2009. Thus, Petitioner had one year from that date to file his § 2255 Petition. The instant claims, however, were not filed until February 24, 2011, a year past the deadline. In any event, Petitioner's speedy trial rights were not violated. Therefore, Mr. Kelly's § 2255 petition is DENIED.

# RULE 11 DENIAL OF CERTIFICATE OF APPEALABILITY[1]

Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a Certificate of Appealability.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED, and his Motion to Amend his § 2255 Petition [Docket No. 8] is DENIED. The court declines to issue a Certificate of Appealability. The Clerk of Court is directed to close this case.

DATED this 31st day of March, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[1] See Rules Governing Section 2255 Proceedings for the United States District Courts.